This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-40952

**STATE OF NEW MEXICO ex rel.**
**CHILDREN, YOUTH & FAMILIES**
**DEPARTMENT,**

      Petitioner-Appellee,

v.

**KASIE S.,**

      Respondent-Appellant,

**IN THE MATTER OF KAYMBERLYNN C.,**

      Child.

**APPEAL FROM THE DISTRICT COURT OF LEA COUNTY**
**Lee A. Kirksey, District Court Judge**

Children, Youth & Families Department
Mary McQueeny, Chief Children's Court Attorney
Santa Fe, NM
Kelly P. O'Neill, Children's Court Attorney
Albuquerque, NM

for Appellee

Susan C. Baker
El Prado, NM

for Appellant

Laura K. Castillo
Hobbs, NM

Guardian Ad Litem

**MEMORANDUM OPINION**

**HENDERSON, Judge.**

**{1}** Respondent, Kasie S. (Mother), appeals the termination of her parental rights. We previously issued a notice of proposed summary disposition in which we proposed to affirm the underlying decision. Mother has filed a memorandum in opposition, which we have duly considered. Unpersuaded, we affirm.

**{2}** Mother continues to challenge the district court's determination that the Children, Youth and Families Department (CYFD) made active efforts to assist her in remedying or alleviating the causes and conditions that led to Child coming into CYFD custody. [MIO 6] Specifically, Mother asserts she should have been given more proactive assistance and contends the offer of inpatient treatment came too late in the case. [MIO 10-11] In fact, Mother argues that only an inpatient treatment program could provide the monitoring and support she required, and CYFD's expectation that she make appointments, fill out paperwork, or complete her treatment plan was "unrealistic." [MIO 11]

**{3}** Mother's argument fails to recognize that CYFD was neither obligated nor authorized to force Mother to participate in programs, to accept transportation, to undergo evaluations, to attend counseling, or to participate in visits that CYFD specifically tailored to Mother's needs. *See State ex rel. Child., Youth & Fams. Dep't v. Arthur C.*, 2011-NMCA-022, ¶¶ 43-45, 149 N.M. 472, 251 P.3d 729 (holding CYFD made active efforts by referring the father to services, going to the home to provide services, and providing transportation, but the father failed to attend or perform required tasks), *superseded by statute on other grounds as stated in State ex rel. Child., Youth & Fams. Dep't v. Tanisha G.*, 2019-NMCA-067, ¶ 11, 451 P.3d 86. As outlined in the notice of proposed summary disposition, CYFD presented Mother with a treatment plan and assisted Mother in performing that plan, altering its efforts and offerings when not met with success. The record in this case indicates that CYFD made efforts to assist Mother in entering an inpatient treatment program, but upon securing her a referral to one, Mother was not interested in attending. [2 RP 479]

**{4}** Mother did sporadically participate in certain aspects of her treatment plan: she completed parenting classes; she attended half of the in-person visits CYFD arranged; she agreed to go with CYFD to perform a drug test; and she enrolled in drug court. [2 RP 476-79] However, the record indicates that Mother's lack of success was the result of her failure to meaningfully engage with the services provided and her refusal of CYFD's efforts, rather than the inadequacy of the services or CYFD's efforts—Mother sought discharge before completing drug court, and after agreeing to go with CYFD to perform a drug test, Mother changed her mind and asked to be taken home. [CN 5] *See Arthur C.*, 2011-NMCA-022, ¶ 45 (concluding that CYFD "repeatedly and persistently" made active efforts while the father "sporadically engaged in the provided services and programs, demonstrating his capability but unwillingness to participate in the remedial and rehabilitative programs and services provided by CYFD"); *State ex rel. Child., Youth*

*& Fams. Dep't v. Patricia H.*, 2002-NMCA-061, ¶ 28, 132 N.M. 299, 47 P.3d 859 ("[O]ur job is not to determine whether CYFD did everything possible; our task is limited by our statutory scope of review to whether CYFD complied with the minimum required under law."). Furthermore, Mother's assertion that treatment in an inpatient program would have resulted in a different outcome is purely speculative. *Cf. In re Termination of Parental Rights of Eventyr J.*, 1995-NMCA-087, ¶ 32, 120 N.M. 463, 902 P.2d 1066 (stating that when CYFD has satisfied its burden of making reasonable efforts to assist a parent, further efforts are not required).

**{5}** Next, Mother argues that the district court violated her procedural due process rights by terminating her parental rights without hearing the guardian ad litem's (GAL's) statement of Child's position pursuant to Rule 10-333(A)(1) NMRA. [MIO 12-15] We review Mother's argument de novo. *See State ex rel. Child., Youth & Fams. Dep't v. Geneva C.*, 2023-NMCA-003, ¶ 35, 521 P.3d 1244 ("In determining whether a parent's procedural due process rights were violated, our review is de novo.").

**{6}** Mother "believes that Child wished to remain in contact with her" and asserts that if Child's wishes had been known to the district court, "the court may have determined that it was in [C]hild's best interest to award a permanent guardianship in lieu of termination of Mother's parental rights." [MIO 12-13] Again, Mother's argument in this regard is purely speculative and does not provide a basis for reversal. *See State ex rel. Child., Youth & Fams. Dep't v. Browind C.*, 2007-NMCA-023, ¶ 31, 141 N.M. 166, 152 P.3d 153 (stating that parent alleging due process violation must "show that there is a reasonable likelihood that the outcome *might* have been different" (internal quotation marks and citation omitted)); *see also Deaton v. Gutierrez*, 2004-NMCA-043, ¶ 31, 135 N.M. 423, 89 P.3d 672 ("[A]n assertion of prejudice is not a showing of prejudice, and in the absence of prejudice, there is no reversible error." (alternation, internal quotation marks, and citation omitted)); *State v. Ordunez*, 2012-NMSC-024, ¶ 22, 283 P.3d 282 ("It is not within the province of an appellate court to decide abstract, hypothetical or moot questions in cases wherein no actual relief can be afforded." (alteration, internal quotation marks, and citation omitted)).

**{7}** Mother correctly points out that Rule 10-333(A)(1) requires the GAL to disclose Child's declared position. Mother does not, however, respond to the reasoning set forth in our proposed disposition that Rule 10-333(E) provides the district court the discretion to enter any order it "deems appropriate under the circumstances" in the event the GAL fails to comply with the rule. [CN 10] *See id.* (providing that "[i]f the child's [GAL] fails to comply with any of the provisions of this rule" the court *may* enter sanctions (emphasis added)). Furthermore, "[t]he [GAL] is required to advocate the child's expressed position only to the extent that the child's desires are, in the [GAL's] professional opinion, in the child's best interests." *State ex rel. Child., Youth & Fams. Dep't v. Marian M.*, 1998-NMCA-039, ¶ 36, 124 N.M. 735, 955 P.2d 204. Mother does not make any assertion that what she believes to be Child's position was in Child's best interest and has again failed to provide any context regarding the GAL's involvement at the termination hearing. [CN 9] Mother has therefore failed to demonstrate error. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003, *superseded by*

*statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement).

**{8}** Accordingly, for the reasons stated in our notice of proposed disposition and herein, we affirm.

**{9}** **IT IS SO ORDERED.**

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**J. MILES HANISEE, Judge**

**KATHERINE A. WRAY, Judge**